UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS BROADNAX, #531704,

        Petitioner,

                                       CASE NO. 2:08-CV-12158
v.                                        HONORABLE GERALD E. ROSEN

LLOYD RAPELJE,

        Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.    Introduction**

      Michigan prisoner Morris Broadnax ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner raises sentencing claims in his petition. Respondent has filed an answer to the petition contending that it should be denied. For the reasons stated, the Court finds that Petitioner is not entitled to federal habeas relief and denies the petition. The Court also denies a certificate of appealability and denies Petitioner leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

      Petitioner pleaded guilty to one count of unarmed robbery, Mich. Comp. Laws § 750.530, in the Oakland County Circuit Court pursuant to a *Cobbs* agreement on May 4, 2006.[1] At the plea

---

[1] A "*Cobbs* agreement" refers to *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), in which the Michigan Supreme Court "authorized a particular type of plea agreement wherein a judge

1

hearing, the trial court expressed an inclination to sentence Petitioner at the low end of the sentencing guidelines for his minimum sentence and indicated that it had no objection to boot camp. The Petitioner's guideline range for his minimum sentence was 29 months to 57 months imprisonment. The trial court subsequently conducted a hearing and sentenced Petitioner to 29 months to 15 years imprisonment on May 18, 2006.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising his sentencing claims, which was denied "for lack of merit in the grounds presented." *People v. Broadnax*, No. 277361 (Mich. Ct. App. May 18, 2007) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied because the court was "not persuaded that the questions presented should be reviewed." *People v. Broadnax*, 480 Mich. 859, 737 N.W.2d 747 (2007).

Petitioner thereafter filed the present habeas petition, raising the following claim:

The trial court unlawfully violated the United States and Michigan Constitutions in sentencing him to a prison term of 29 months to 15 years on the unarmed robbery conviction.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit. Petitioner has filed a reply to that answer.

## III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition

---

states the appropriate length of sentence, which is non-binding, but if the defendant subsequently pleads guilty, that defendant retains the absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Wright v. Lafler*, 247 F. App'x 701, 703 n. 1 (6th Cir. 2007).

2

after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

3

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Additionally, §2254(e)(1) requires that a federal habeas court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed." Because the state appellate courts did not specifically address whether the alleged errors constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of the claims is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

## IV. Analysis

### A. State Law Sentencing Claims

Petitioner first asserts that he is entitled to habeas relief because his sentence violates Michigan law. He claims that his sentence is disproportionate and the trial court failed to properly consider his family support, remorse, and rehabilitative potential, that his sentence is based on inaccurate information under state law and the trial court erred in scoring offense variable factors of the sentencing guidelines, and that his sentence violates the Michigan Constitution.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentence of 29 months to 15 years imprisonment for unarmed robbery is consistent with his *Cobbs* agreement and is within the statutory maximum of 15 years imprisonment. *See* Mich. Comp. Laws § 750.530. A sentence imposed within the statutory limits is generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's assertion that his sentence is disproportionate under Michigan law because the trial court failed to consider certain factors does not state a claim for federal habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 27, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (citing *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991), in ruling that the Eighth Amendment does not

require a sentencing court to consider mitigating factors in non-capital cases).

Similarly, any claim that his sentence was inaccurate because the trial court incorrectly scored offense variables under the state sentencing guidelines fails to state a claim for federal habeas relief because it is basically a state law claim. *Austin*, 231 F.3d at 301; *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Petitioner's claim that his sentence constitutes cruel and unusual punishment under the Michigan Constitution also fails to state a claim upon which federal habeas relief may be granted. *See, e.g., Baker v. McKee*, No. 06-CV-12860, 2009 WL 1269628, *6 (E.D. Mich. April 30, 2009). State courts are the final arbiters of state law and federal courts will not intervene in such matters. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Moreover, the record indicates that Petitioner's sentence was within the parameters of the *Cobbs* agreement, the sentencing guidelines, and the statutory maximum. Habeas relief is not warranted based upon any perceived state law violations.

### B. Federal Law Sentencing Claims

Petitioner also asserts that he is entitled to habeas relief because his sentence was based upon inaccurate information in violation of his due process rights, his sentence constitutes cruel and unusual punishment under the Eighth Amendment, and his sentence was imposed in violation of his Sixth Amendment rights under *Blakely v. Washington*, 542 U.S. 296 (2004). The Court will address each of these claims in turn.

Petitioner first asserts that his sentence was based upon inaccurate information. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*,

918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has made no such showing. The record reveals that the trial court considered the circumstances of the crime, the pre-sentence report, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the guidelines, and other sentencing matters. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Habeas relief is therefore not warranted on this claim.

Petitioner also asserts that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin*, 501 U.S. at 965; *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *Thomas*, 49 F.3d at 261. Petitioner was sentenced to 29 months to 15 years imprisonment on his unarmed robbery conviction. As discussed *supra*, that sentence is within the statutory maximum. The trial court acted within its discretion, and in accordance with the *Cobbs* agreement, in imposing Petitioner's sentence. There

is no extreme disparity between his crime and sentence so as to offend the Eighth Amendment. Habeas relief is not warranted on this claim.

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court violated his Sixth Amendment rights in imposing his sentence. He claims that the trial court relied upon facts that were neither admitted by him nor proven beyond a reasonable doubt in imposing his sentence. In *Apprendi v. New Jersey*, 530 U.S. 466, 530 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004), the Supreme Court, applying *Apprendi* to a state sentencing guideline scheme under which the maximum penalty could be increased by judicial fact-finding, held that the state guideline scheme violated a defendant's Sixth Amendment rights, and reiterated that any fact that increased the maximum sentence must be admitted by the defendant or proven to a jury beyond a reasonable doubt. *See also United States v. Booker,* 543 U.S. 220, 232 (2005).

The *Blakely* line of cases does not apply to Michigan's intermediate sentencing scheme. In Michigan, the maximum sentence is established by statute and cannot be varied by the sentencing judge; the judge's only discretion is in setting the minimum sentence. The federal courts within this Circuit have examined Michigan's indeterminate sentencing scheme and have found no Sixth Amendment violation. *See Arias v. Hudson*, 589 F.3d 315, 317-18 (6th Cir. 2009) (reaffirming that judicial fact-finding which increases a minimum sentence does not run afoul of *Blakely* but noting that the Supreme Court granted certiorari in *United States v. O'Brien*, 130 S. Ct. 49 (2009), a case involving fact-finding which increased a minimum sentence); *Chontos v.*

*Berghuis,* 585 F.3d 1000, 1001-02 (6th Cir. 2009) (state court did not violate habeas petitioner's Sixth Amendment rights by relying upon facts which increased his minimum sentence but did not exceed the statutory maximum); *Tironi v. Birkett,* No. 06-1557, 2007 WL 3226198, *1-2 (6th Cir. Oct. 26, 2007) (unpublished); *Delavern v. Harry,* No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *McNall v. McKee,* No. 1:06-CV-760, 2006 WL 3456677, *2 (W.D. Mich. Nov. 30, 2006); *accord People v. Drohan,* 715 N.W.2d 778, 789-790 (Mich. 2006). Petitioner's sentence was within the statutory maximum. No *Blakely* violation occurred. Habeas relief is not warranted on this claim.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition and the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.

9

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: May 11, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 11, 2010, by electronic mail and upon Morris Broadnax, #531704, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, Michigan 48623 by ordinary mail.

s/Ruth A. Gunther
Case Manager